The Honorable Jerry Allison State Representative 26 CR 744 Jonesboro, AR 72401-0538
Dear Representative Allison:
You have requested an Attorney General opinion concerning disability benefits under the Arkansas Public Employees Retirement System (APERS).
You indicate that your request arises out of a particular former APERS member's situation, which you have described as follows: The member became an employee of Craighead County on October 28, 1977. On May 8, 1997, he was injured on the job. He returned to work on May 19, 1997, but was still experiencing pain. On March 31, 2000, he received a Social Security Administration determination that he had become disabled, effective July 1, 1999. He terminated his employment on July 20, 1999. He applied for APERS disability on April 13, 2000. APERS denied his application for disability benefits.
I understand your question to be as follows:
 Is the described former APERS member entitled to receive disability benefits?
RESPONSE
It is my opinion that the described former APERS member is entitled to receive disability benefits.
This former member's situation, in my opinion, falls squarely within the provisions of A.C.A. § 24-4-511(e)(3).[1] The provisions of A.C.A. §24-4-511 generally govern disability benefits. Subsection (e)(3) states:
 (3) Any former member who is or was approved for disability by the Social Security Administration but whose onset date does not meet the provision of subdivision (a)(1)(A) of this section that requires credited service for eighteen (18) of the twenty-four (24) months immediately preceding the disability, may be retired by the board upon written application to the board subject to the following:
 (A) The onset date determined by the Social Security Administration is within twenty-four (24) months of the date of termination from covered employment;
 (B) The former member furnishes a written statement to the board from a physician approved by the board that the former member was suffering at the time of termination from an illness or injury that subsequently led to the disability determination; and
 (C) Retirement payments authorized under this section shall be effective on the first day of the next month following approval by the board of the written application and shall not be retroactive.
A.C.A. § 24-4-511(e)(3).
Even under a strict reading of this section of the statute,[2] the former member whom you have described is, in my opinion, entitled to receive disability benefits pursuant to this section. First, he did not meet the requirements of Section (a)(1)(A), in that he did not have eighteen months of credited service during the twenty-four months immediately preceding his disability. Second, the onset date of his disability as determined by the Social Security Administration (July 1, 1999) was within twenty-four months of his date of termination (July 20, 1999). Finally, at the time of his termination (July 20, 1999), he was suffering from an injury that subsequently led to his disability termination. That determination was issued on March 31, 2000. Although the effective date of his disability was prior to his date of termination, the determination itself was made subsequent to his termination.
Accordingly, I must conclude that the former member in question meets the requirements of A.C.A. § 24-4-511, and is therefore entitled to receive disability benefits.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
[1] The provisions of A.C.A. § 24-4-511(e)(3) are identical to those of the former A.C.A. § 24-3-208(e)(3), which was repealed by Act 151 of 2001.
[2] I refer to a "strict reading" of this statute as one under which the date of determination of disability must be subsequent to the date of termination from employment. I am not convinced that this strict reading is required. A more appropriate reading may be one that requires only that the disability determination be subsequent to the illness onset. It is not necessary for me to decide in this opinion whether such a reading is permissible, because the facts that you have presented indicate that in the situation you have described, the former member in question qualifies for benefits even under the stricter reading.